IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TONY LEE CARR, #172233, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   CASE NO. 2:11-CV-149-TMH |
| | )             [WO] |
| | ) |
| OFFICER HARRIS, et al., | ) |
| | ) |
|     Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  INTRODUCTION**

    This 42 U.S.C. § 1983 action is pending before the court on a complaint filed by Tony Lee Carr ["Carr"], an indigent state inmate.  The claims remaining before this court relate to an alleged loss of Carr's personal Bible during his transfer to Kilby Correctional Facility on December 15, 2010.  *Complaint - Doc. No. 1* at 3.  Carr seeks monetary damages from the defendants.  *Id*. at 4.

    The defendants filed a special report and supporting evidentiary materials addressing Carr's claims for relief.  In these documents, the defendants adamantly deny Carr's allegations of wrongdoing and further assert that this case is due to be dismissed because Carr failed to properly exhaust an administrative remedy available to him within the prison system with respect to the claims which remain pending before this court.  *Defendants' Special Report - Doc. No. 12* at 9.  The defendants base their exhaustion defense on Carr's

failure to file pursue the administrative remedy provided by Administrative Regulation No. 313 which allows an inmate to "bring a claim to the 'Chaplain and/or designated employee whenever possible' to resolve any 'religious dispute.'" *Id*.

Pursuant to the orders entered in this case and governing case law, the court deems it appropriate to treat the defendants' report as a motion for summary judgment. *Order of May 16, 2011 - Doc. No. 14*; *Bryant v. Rich*, 530 F.3d 1368, 1375 (11th Cir. 2008) (Although an exhaustion defense "is not ordinarily the proper subject for a summary judgment[,]" the defense is appropriate for summary judgment when the evidence demonstrates administrative remedies "are absolutely time barred or otherwise clearly infeasible."). Thus, this case is now pending on the defendants' motion for summary judgment. Upon consideration of this motion and the evidentiary materials filed in support thereof, the court concludes that the defendants' motion for summary judgment with respect to the exhaustion defense is due to be granted.

## II. STANDARD OF REVIEW

"Summary judgment is appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine [dispute] as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Greenberg v. BellSouth Telecomm., Inc.*, 498 F.3d 1258, 1263 (11th Cir. 2007) (per curiam) (citation to former rule omitted); Fed.R.Civ.P. Rule 56(a) ("The court shall grant summary judgment if the movant shows that there is no

2

genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.").[1] The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the [record, including pleadings, discovery materials and affidavits], which it believes demonstrate the absence of a genuine issue [- now dispute -] of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The movant may meet this burden by presenting evidence indicating there is no dispute of material fact or by showing that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Id.* at 322-324.

The defendants have met their evidentiary burden and demonstrated the absence of any genuine dispute of material fact regarding the plaintiff's failure to exhaust his administrative remedies. Thus, the burden shifts to the plaintiff to establish, with appropriate evidence beyond the pleadings, that a genuine dispute material to his case exists. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *Celotex*, 477 U.S. at 324; Fed.R.Civ.P. 56(e)(3) ("If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact by [citing to materials in the

---

[1] Effective December 1, 2010, Rule 56 was "revised to improve the procedures for presenting and deciding summary-judgment motions." Fed.R.Civ.P. 56 Advisory Committee Notes. Under this revision, "[s]ubdivision (a) carries forward the summary-judgment standard expressed in former subdivision (c), changing only one word -- genuine 'issue' becomes genuine 'dispute.' 'Dispute' better reflects the focus of a summary-judgment determination." *Id*. "'Shall' is also restored to express the direction to grant summary judgment." *Id*. Thus, although Rule 56 underwent stylistic changes, its substance remains the same and, therefore, all cases citing the prior versions of the rule remain equally applicable to the current rule.

record including affidavits, relevant documents or other materials] the court may ... grant summary judgment if the motion and supporting materials -- including the facts considered undisputed -- show that the movant is entitled to it.")  A genuine dispute of material fact exists when the nonmoving party produces evidence that would allow a reasonable fact-finder to return a verdict in its favor.  *Greenberg*, 498 F.3d at 1263.

> In civil actions filed by inmates, federal courts
>
> must distinguish between evidence of disputed facts and disputed matters of professional judgment.  In respect to the latter, our inferences must accord deference to the views of prison authorities.  Unless a prisoner can point to sufficient evidence regarding such issues of judgment to allow him to prevail on the merits, he cannot prevail at the summary judgment stage.

*Beard v. Banks*, 548 U.S. 521, 530, 126 S.Ct. 2572, 2578, 165 L.Ed.2d 697 (2006) (internal citation omitted).  Consequently, to survive the defendants' properly supported motion for summary judgment, Carr is required to produce "sufficient [favorable] evidence" which would be admissible at trial demonstrating the proper exhaustion of previously available administrative remedies.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); Rule 56(e), *Federal Rules of Civil Procedure*.  "If the evidence [on which the nonmoving party relies] is merely colorable ... or is not significantly probative ... summary judgment may be granted."  *Id*. at 249-250.  "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the [trier of fact] could reasonably find for that party.  *Anderson v. Liberty Lobby*, 477 U.S. 242, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986)."  *Walker v. Darby*, 911 F.2d 1573, 1576-1577 (11th Cir.

1990). Conclusory allegations based on subjective beliefs are likewise insufficient to create a genuine dispute of material fact and, therefore, do not suffice to oppose a motion for summary judgment. *Holifield v. Reno*, 115 F.3d 1555, 1564 n.6 (11th Cir. 1997) (plaintiff's "conclusory assertions ..., in the absence of [admissible] supporting evidence, are insufficient to withstand summary judgment."); *Harris v. Ostrout*, 65 F.3d 912, 916 (11th Cir. 1995) (grant of summary judgment appropriate where inmate produces nothing beyond "his own conclusory allegations" challenging actions of the defendants); *Fullman v. Graddick*, 739 F.2d 553, 557 (11th Cir. 1984) ("mere verification of party's own conclusory allegations is not sufficient to oppose summary judgment...."); *Evers v. General Motors Corp.*, 770 F.2d 984, 986 (11th Cir. 1985) ("[C]onclusory allegations without specific supporting facts have no probative value."). Hence, when a plaintiff fails to set forth specific facts supported by requisite evidence sufficient to establish the existence of an element essential to his case and on which the plaintiff will bear the burden of proof at trial, summary judgment is due to be granted in favor of the moving party. *Celotex*, 477 U.S. at 322 ("[F]ailure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."); *Barnes v. Southwest Forest Industries, Inc.*, 814 F.2d 607, 609 (11th Cir. 1987) (If on any part of the prima facie case the plaintiff presents insufficient evidence to require submission of the case to the trier of fact, granting of summary judgment is appropriate).

  For summary judgment purposes, only disputes involving material facts are relevant.

*United States v. One Piece of Real Property Located at 5800 SW 74th Avenue, Miami, Florida*, 363 F.3d 1099, 1101 (11th Cir. 2004). What is material is determined by the substantive law applicable to the case. *Anderson*, 477 U.S. at 248; *Lofton v. Secretary of the Department of Children and Family Services*, 358 F.3d 804, 809 (11th Cir. 2004) ("Only factual disputes that are material under the substantive law governing the case will preclude entry of summary judgment."). "The mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case." *McCormick v. City of Fort Lauderdale*, 333 F.3d 1234, 1243 (11th Cir. 2003) (citation omitted). To demonstrate a genuine dispute of material fact, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts.... Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine [dispute] for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). In cases where the evidence before the court which is admissible on its face or which can be reduced to admissible form indicates that there is no genuine dispute of material fact and that the party moving for summary judgment is entitled to it as a matter of law, summary judgment is proper. *Celotex*, 477 U.S. at 323-324 (Summary judgment is appropriate where pleadings, evidentiary materials and affidavits before the court show there is no genuine dispute as to a requisite material fact.); *Waddell v. Valley Forge Dental Associates, Inc.*, 276 F.3d 1275, 1279 (11th Cir. 2001) (To establish a genuine dispute of material fact,

the nonmoving party must produce evidence such that a reasonable trier of fact could return a verdict in his favor.).

Although factual inferences must be viewed in a light most favorable to the nonmoving party and *pro se* complaints are entitled to liberal interpretation by the courts, a *pro se* litigant does not escape the burden of establishing by sufficient evidence a genuine dispute of material fact. *Beard*, 548 U.S. at 525, 126 S.Ct. at 2576; *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990). Thus, the plaintiff's *pro se* status alone does not mandate this court's disregard of elementary principles of production and proof in a civil case. In this case, Carr fails to demonstrate a requisite genuine dispute of material fact regarding his failure to exhaust administrative remedies so as to preclude summary judgment in favor of the defendants. *Matsushita*, *supra*.

### III. DISCUSSION

Carr asserts that the loss of his Bible infringed on his First Amendment right to practice his religion and violated federal law as now codified in the Religious Land Use and Institutionalized Persons Act of 2000 ["RLUIPA"], 42 U.S.C. §§ 2000cc, *et seq*. In response to the complaint, the defendants deny Carr's allegations and likewise maintain that this case is subject to dismissal because Carr failed to exhaust the administrative remedy provided by the state prison system prior to filing this complaint as required by the directives of the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a).

The Prison Litigation Reform Act compels exhaustion of available administrative

remedies before a prisoner can seek relief in federal court on a § 1983 complaint. Specifically, 42 U.S.C. § 1997e(a) states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  "Congress has provided in § 1997(e)(a) that an inmate must exhaust irrespective of the forms of relief sought and offered through administrative remedies." *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002).  Exhaustion of all available administrative remedies is a precondition to litigation and a federal court cannot waive the exhaustion requirement. *Booth*, 532 U.S. at 741; *Alexander v. Hawk*, 159 F.3d 1321, 1325 (11th Cir. 1998); *Woodford v. Ngo*, 548 U.S. 81, 126 S.Ct. 2378 (2006). Moreover, "the PLRA exhaustion requirement requires **proper exhaustion**." *Woodford*, 548 U.S. at 93, 126 S.Ct. at 2387 (emphasis added).  "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules [as a precondition to filing suit in federal court] because no adjudicative system can function effectively without imposing some orderly structure on the courts of its proceedings.... Construing § 1997e(a) to require proper exhaustion ... fits with the general scheme of the PLRA, whereas [a contrary] interpretation [allowing an inmate to bring suit in federal court once administrative

remedies are no longer available or clearly impracticable] would turn that provision into a largely useless appendage." 548 U.S. at 90-91, 93, 126 S.Ct. at 2386-2387. The Court reasoned that because proper exhaustion of administrative remedies is necessary an inmate cannot "satisfy the Prison Litigation Reform Act's exhaustion requirement ... by filing an untimely or otherwise procedurally defective administrative grievance or appeal[,]" or by effectively bypassing the administrative process simply by waiting until the grievance procedure is no longer available to her. 548 U.S. at 83-84, 126 S.Ct. at 2382; *see Johnson v. Meadows*, 418 F.3d 1152, 1157 (11th Cir. 2005) (inmate who files an untimely grievance or simply spurns the administrative process until it is no longer available fails to satisfy the exhaustion requirement of the PLRA).

The record in this case establishes that the Alabama Department of Corrections provides an administrative dispute procedure for inmate complaints regarding religious matters. This procedure allows an inmate to file a written claim with respect to issues involving religious needs arising during the inmate's incarceration in a state correctional facility. *Id.*

On May 16, 2011, the court entered an order allowing Carr the opportunity to respond to the arguments presented by the defendants in their special report. *Doc. No. 14*. Carr filed a response to this order on June 15, 2011. *Doc. No. 17*. Although Carr alleges that by making a verbal request to officer Moore seeking return of his property prior to his transfer from Kilby on January 27, 2011 and filng this civil action he "has done everything

he possibly can to get his Bible back[,]" Carr does not dispute that he failed to file a written request with the Chaplain or the Warden, where no Chaplain is available, seeking redress for the loss of his Bible prior to filing this federal civil action. Carr's mere conclusory and unsupported allegation that he did everything possible is without probative value. *Barnes*, 814 F.2d at 609; *Evers*, 770 F.2d at 986; *Celotex*, 477 U.S. at 322. The court therefore concludes the claims presented in this cause of action are subject to dismissal. *Ngo*, 548 U.S. at 87-94, 126 S.Ct. at 2384-2388.

The record establishes that Carr failed to properly exhaust an administrative remedy available to him which is a precondition to proceeding in this court on his claims. Specifically, prior to filing this cause of action, Carr did not submit a written claim with the appropriate correctional official regarding the alleged loss of his Bible as permitted by the religious dispute resolution in effect within the Alabama prison system. Any attempt at this time to seek administrative redress for this loss would now be infeasible. Under these circumstances, dismissal with prejudice is appropriate. *Bryant*, 530 F.3d at 1375 n.1; *Johnson*, 418 F.3d at 1157; *Marsh v. Jones*, 53 F.3d 707, 710 (5th Cir. 1995) ("Without the prospect of a dismissal with prejudice, a prisoner could evade the exhaustion requirement by filing no administrative grievance or by intentionally filing an untimely one, thereby foreclosing administrative remedies and gaining access to a federal forum without exhausting administrative remedies."); *Berry v. Kerik*, 366 F.3d 85, 88 (2nd Cir. 2004) (footnotes omitted) (inmate's "federal lawsuits ... properly dismissed with prejudice" where

previously available administrative remedies had become unavailable).

## IV.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  The defendants' motion for summary judgment be GRANTED to the extent that the defendants seek dismissal of this case due to the plaintiff's failure to properly exhaust an administrative remedy provided to him by the Alabama Department of Corrections.

2.  This case be dismissed with prejudice in accordance with the provisions of 42 U.S.C. § 1997e(a) for the plaintiff's failure to properly exhaust an administrative remedy provided to him as this remedy with respect to the pending claims for relief is no longer feasible.

3.  No costs be taxed herein.

It is further

ORDERED that on or before February 7, 2014 the parties may file objections to the Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the

Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

    Done this 22nd day of January, 2014.

                                   /s/   Terry F. Moorer
                                   TERRY F. MOORER
                                   UNITED STATES MAGISTRATE JUDGE